**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MEDBOR CHAVEZ,** *individually and on behalf of all others similarly situated*,<br><br>**Plaintiffs,**<br><br>v.<br><br>**FBL FINANCIAL GROUP, INC.,** et al.,<br><br>**Defendants.** | **Case No. 17-2393-DDC-ADM** |

**NON-PARTY THE AGENTS ASSOCIATION-KANSAS CHAPTER'S MOTION FOR PROTECTIVE ORDER FROM PLAINTIFF'S DISCOVERY REQUESTS**

This is a dispute about plaintiff Medobor Chavez's purported effort to obtain discovery from a proposed amicus entity. Notwithstanding the procedural impropriety, the very concept of subjecting an amicus entity to the burdens of discovery is bizarre. As one court noted when quashing a procedurally proper third-party subpoenas of amicus entities, there—like here—the requesting parties "do not cite, nor has this Court found, that any federal court in the history of our country has ever ordered an amicus to produce documents relating to its funding activities, and this court will not be the first to do so." *North Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 52 (D. D.C. 2005) (quashing subpoena issued to non-party amici that sought relationship with organizations and funding relationships). Accordingly, the Agents Association-Kansas Chapter seeks a protective order shielding The Agents Association-Kansas Chapter from plaintiff's attempt to seek discovery from it. *See* Fed. R. Civ. P. 26(c).

I.  Background

On June 3, 2019, non-party The Agents Association-Kansas Chapter filed a Motion for Leave to File Amicus Brief. (Doc. 139.) That motion has not yet been decided by the court. Even if the

motion for leave had been decided in The Agents Association-Kansas Chapter's favor, it would not be a party to this lawsuit. *See, e.g.*, *Addison v. Holly Hill Fruit Prods.*, 322 U.S. 607, 642 n.20 (1944); *Newark Branch, N.A.A.C.P. v. Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991); *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) (explaining that amici are not parties, citing *Clark v. Sandusky*, 205 F.2d 915, 917 (7th Cir. 1953)); *Kane Cty., Utah v. U.S.*, 934 F. Supp. 2d 1344 (D. Utah 2013), *aff'd in part rev'd in part on other grounds*, 772 F.3d 1205 (10th Cir. 2014).

Despite this fact, plaintiff purported to send discovery to the Agents Association-Kansas Chapter as if it were a party, seeking information about the Agents Association-Kansas Chapter's bias. (Doc. 141.) After explaining that it was not a party and that the purported discovery was wholly without merit, the Agents Association-Kansas Chapter informed plaintiff that the discovery was improper and invited Plaintiff to justify the unusual request. *See* July 3, 2019 Email from counsel. (attached as Ex. A).

On July 11, 2019, plaintiff declined to provide any authority justifying the discovery and instead suggested that plaintiff would be willing to issue subpoenas not only to the Agents Association-Kansas Chapter, but also law firms involved in this matter. *See* July 11, 2019 Email from Mr. Hudson. (attached as Ex. B). On July 12, 2019, plaintiff confirmed that he intends to issue subpoenas not only on The Agents Association-Kansas Chapter, but also on each outside law firm involved in this case. (attached as Ex. C.)

As a non-party, and out of an abundance of caution, The Agents Association-Kansas Chapter moves the court for a protective order pursuant to Fed. R. Civ. P. 26(c) to shield it from the obligation of responding to Plaintiff's improper discovery requests, including (i) Plaintiffs' Notice of 30(b)(6) Notice of Deposition To Interested Party Agents Association—Kansas Chapter (attached as Ex. D), (ii) Plaintiffs' First Request For Production Of Documents To Interested Party Agents Association—

Kansas Chapter (attached as Ex. E), and (iii) Plaintiffs' First Interrogatories To Interested Party Agents Association—Kansas Chapter (attached as Ex. F), and any other Rule 45 request that may be submitted to the Agents Association-Kansas Chapter or its counsel, if such future requests contain substantively similar discovery requests. The parties have conferred but disagree about the legal propriety of plaintiff's actions. As some responses to plaintiff's discovery are due July 12, 2019, this motion had to be filed today, without additional attempts to confer, although counsel"amici continue to confer regarding these issues. (attached as Ex. G.)

    II.    The court should protect non-party The Agents Association-Kansas Chapter from burdensome discovery that is procedurally improper, irrelevant, invades the attorney-client relationship, and threatens the right to association.

Plaintiff's purported discovery is improper because the Agents Association-Kansas Chapter is not a "party" subject to discovery. The plain language of Fed. R. Civ. P. Rules 33 and 34 confirms that discovery such as what plaintiff purported to send to the Agents Association-Kansas Chapter is only proper if served upon a "party." Fed. R. Civ. P. 33(a)(1); Fed. R. Civ. P. 34(a). As the cases cited above explain, a (proposed) amicus entity is not a party as that term is used by the Federal Rules of Civil Procedure. As a result, the proper procedure for plaintiff to follow is found in Rule 45. Plaintiff did not attempt to comply with Rule 45. As a result, and for good cause shown, this court should exercise its discretion under Rule 26 to issue a protective order to protect The Agents Association-Kansas Chapter from the undue burden and expense of responding to plaintiff's procedurally improper discovery.

Protection from discovery is still appropriate even if plaintiff had complied with Rule 45. The substance of plaintiff's requests are not relevant to any party's claim or defense as required by 26(b)(1). This case involves plaintiff's state wage law and common law claims, all relating to whether plaintiff and potentially others similarly situated, should have been classified as employees or whether

-3-

they were properly classified as independent contractors. Defendants' defenses directly relate to these claims. Plaintiff's discovery, on the other hand, improperly seeks information about The Agents Association-Kansas Chapter, such as its history, relationships to other entities, communications between The Agents Association-Kansas Chapter and defendants, communications between The Agents Association-Kansas Chapter and its members (current Farm Bureau agents), and counsel's communications with the Farm Bureau defendants.

Plaintiff has known about The Agents Association-Kansas Chapter at least since plaintiff's deposition (Doc. 144), and yet apparently failed to attempt to contact The Agents Association-Kansas Chapter, which represents the interests of the majority of current Farm Bureau Agents, until The Agents Association-Kansas Chapter filed its motion for leave to file an amicus brief. Discovery is ongoing, but all of plaintiff's requests fall outside the scope of discovery as defined by Rule 26(b).

Discovery requests like plaintiff's, issued to amici are irrelevant and outside the scope of Rule 26. *See e.g.*, *Leake*, 231 F.R.D. at 52. In the *Leake* decision, the court explained that the

> [c]redibility of amici is a determination to be made by the trial judge, not a question that the parties should pursue in discovery. It is well documented that the role of amici has, over time, appeared more similar to that of an advocate than of purely disinterested advisers to the court. . . . As such, were the bias or credibility of amici presumptively relevant in every case, litigation and discovery of the issue would threaten the efficacy of the federal courts. Furthermore, imposing such a burden on amici would undoubtedly discourage entities from making amicus filings at all, so as to avoid subjecting themselves to severe scrutiny and onerous discovery requests.

*Id.* at 52. As a result, the *Leake* court quashed a Rule 45 subpoena that sought information from the amici because the requesting parties did "not cite, nor has this Court found, that any federal court in the history of our country has ever ordered an amicus to produce documents relating to its funding activities, and this court will not be the first to do so." *Id.* at, 52 (quashing subpoena issued to non-party amici that sought relationship with organizations and funding relationships).

-4-

The *Leake* decision explains that it is unduly burdensome to subject amici to discovery about their credibility, associations, or funding sources. Any discovery on The Agents Association-Kansas Chapter is an undue burden and from a policy perspective, it discourages amici from filing. Additionally, all discovery plaintiff seeks between The Agents Association-Kansas Chapter and defendants, or between counsel for The Agents Association-Kansas Chapter and defendants, could be requested from defendants even though some of it might be privileged. It is unduly burdensome and harassing to subject a proposed amicus nonparty to these requests, when a party to the litigation has equal access to any such information. This makes up a large number of plaintiff's requests and also contributes to the irrelevance of plaintiff's requests as issued to The Agents Association-Kansas Chapter.

Likewise, the requests seeking information on the funding source for The Agents Association-Kansas Chapter's proposed amicus brief were addressed in defendants' response in opposition to plaintiff's motion to stay. (Doc. 144.) It is unduly burdensome to request this information from The Agents Association-Kansas Chapter when there are parties to this litigation who have equal or superior access to the information.

Plaintiff also requests documents and deposition testimony that would invade the attorney-client relationship. A request for production of documents and an identical deposition topic state "All communications to any Farm Bureau agent(s) (whether members of the Agents Association or not) regarding this lawsuit." (Ex. E at 3, Ex. D at 5.) As the association is governed by current Kansas Farm Bureau agents, this request would encompass all written communications between counsel and client.

As parties have the right to communicate with putative class members under certain circumstances prior to class certification, amici have a First Amendment Right to associate with other organizations or entities. Amici are not expected to be neutral, they have a position to present and a

-5-

right both to express it and associate with those who share it. In fact, it seems that, in most every case an amicus' position is likely to align with one party or the other. Subjecting amicus (and its counsel) to discovery through the coercive process of judicial power chills that right.

Plaintiff's discovery to proposed amicus The Agents Association-Kansas Chapter would be truly irrelevant and burdensome on an entity that has not yet even been granted leave to file its amicus brief, and in any event would be a non-party to this litigation, not subject to interrogatories or requests for production of documents pursuant to the Rules 33 and 34. Put simply, there is no good reason for any discovery from this proposed amicus entity.

WHEREFORE The Agents Association-Kansas Chapter respectfully requests that the court grant its Motion for Protective Order from Plaintiff's Discovery Requests, specifically: Plaintiff's Notice Of 30(b)(6) Notice Of Deposition To Interested Party Agents Association—Kansas Chapter, Plaintiffs' First Request For Production Of Documents To Interested Party Agents Association—Kansas Chapter, and Plaintiffs' First Interrogatories To Interested Party Agents Association—Kansas Chapter. Additionally, the association requests a protective order shielding the association from the same substantive requests if subsequently served via Rule 45 and for all other relief the court finds just and equitable.

>Kate Simpson
>STEVENS & BRAND, L.L.P.
>900 Massachusetts, Ste. 500
>Lawrence, KS 66044
>Phone: (785) 843-0811
>Fax: (785) 843-0341
>Email: ksimpson@stevensbrand.com
>*Attorneys for Amicus Curiae Agents Association-Kansas Chapter*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 12th day of July, 2019, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        */s/ Kate Simpson*
        *Attorney for Amicus Curiae The Agents Association-Kansas Chapter*